IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONICA SAMPLE | : | CIVIL ACTION |
| | : | NO. 12-3188 |
| v. | : | |
| | : | |
| KEYSTONE MERCY HEALTH PLAN | : | |
| | : | |

O'NEILL, J.                                November 5, 2012

## MEMORANDUM

Now before me is defendant Keystone Mercy Health Plan's motion to dismiss plaintiff Monica Sample's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and/or to strike certain allegations pursuant to Rule 12(b)(2). For the reasons that follow I will deny defendant's motion to dismiss and will grant in part and deny in part its motion to strike.

## BACKGROUND

Plaintiff is an African-American female who was employed by defendant as a durable medical equipment specialist from October 2004 to June 2008, when she was terminated. Am. Compl. ¶¶ 1, 7, 9. Plaintiff contends that defendant claimed she was terminated because she "routinely came into work late" and because she hung up on a caller. Id. ¶ 15, 17. She alleges that the reasons defendant provided for her termination are pretext for discrimination. Id. ¶ 14. Plaintiff asserts that defendant's claims regarding her conduct are false and, even if true, Caucasian employees accused of the same conduct were retained while she was terminated. Id. ¶¶ 15-18. Accordingly, on June 19, 2008 plaintiff filed a complaint against defendant with the Equal Employment Opportunity Commission alleging discrimination on the basis of race. Id. ¶ 19. Plaintiff contends that her EEOC complaint was dual filed with the Pennsylvania Human

Relations Commission[1] and that defendant received a copy of her EEOC complaint.  Id.  She

alleges that the EEOC issued her a right to sue letter on March 9, 2012 and that defendant

received a copy of that letter.  Id.

Plaintiff filed the instant action on June 6, 2012.  She filed her amended complaint on

September 7, 2012.  In her amended complaint plaintiff sets forth a claim for unlawful racial

discrimination by defendant in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000e et seq., 42 U.S.C. § 1981 and the Pennsylvania Human Relations Act, 43 Pa. Cons. St. §

955 et seq.  Id. at ECF p. 1.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action

for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief

"requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "Factual

allegations must be enough to raise a right to relief above the speculative level . . . on the

assumption that all of the allegations in the complaint are true (even if doubtful in fact)."  Id.

(citations omitted).  The complaint must state "'enough facts to raise a reasonable expectation

that discovery will reveal evidence of' the necessary element."  Wilkerson v. New Media Tech.

Charter Sch. Inc., 522 F.3d 315, 321 (3d Cir. 2008), quoting Twombly, 550 U.S. at 556.  The

---

[1]     Plaintiff's PHRC charge of discrimination is attached to her response to
defendant's motion to dismiss and bears a date of December 3, 2008.  Dkt. No. 11-3.

Court of Appeals has made clear that after <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'  To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible."  <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009), <u>quoting Iqbal</u>, 556 U.S. at 678.  The Court also set forth a two part-analysis for reviewing motions to dismiss in light of <u>Twombly</u> and <u>Iqbal</u>:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

<u>Id.</u> at 210-11, <u>quoting Iqbal</u>, 556 U.S. at 679.  The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts."  <u>Id.</u>, <u>citing Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 234-35 (3d Cir. 2008).  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'"  <u>Iqbal</u>, 556 U.S. at 679.

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "Partly because of the practical difficulty of deciding cases without a factual record it is well established that striking a pleading should be sparingly used by courts.  It is a drastic remedy to be resorted to only when required for the purposes of justice."  <u>N. Penn Transfer, Inc. v.</u>

Victaulic Co. of Am., 859 F. Supp. 154, 158 (E.D. Pa. 1994) (internal quotation marks omitted).

"The Court has considerable discretion in disposing of a motion to strike under Rule 12(f)."

DeLa Cruz v. Piccari Press, 521 F. Supp. 2d 424, 428 (E.D. Pa. 2007) (internal quotation marks

omitted).

## DISCUSSION

**I.        Exhaustion of Administrative Remedies**

       **A.        Title VII Claim**

In her amended complaint, plaintiff alleges that she filed a complaint with the Equal

Employment Opportunity Commission on June 19, 2008 and that "[t]he EEOC issued a 'Right to

Sue' letter to Plaintiff on March 9, 2012."  Am. Compl. ¶ 19.  A copy of the right to sue letter

was not attached to plaintiff's amended complaint, prompting defendant to move to dismiss for

failure to exhaust.  In her response to defendant's motion, plaintiff has attached a copy of the

March 9, 2012 right to sue letter, Pl.'s Resp. at Dkt. No. 11-4,  and she asserts that defendant was

copied on the right to sue letter when it was mailed by the EEOC.  Id. at Dkt. No. 11-1, ECF p. 4;

see also Am. Compl. ¶ 19.

"[T]here is no requirement that a right to sue letter be attached to a complaint . . . ."

Butler v. BTC Foods Inc., No. 12-492, 2012 WL 5315034, at *4 (E.D. Pa. Oct. 19, 2012); see

also Wardlaw v. City of Phila., No. 09-3981, 2011 WL 1044936, at *3 (E.D. Pa. March 21,

2011) (finding that plaintiff was "not required to attach the EEOC/PHRC charges or the right to

sue letters to his Second Amended Complaint" and that during the pleadings stage, plaintiff's

"only burden is to sufficiently *allege* exhaustion") (emphasis in original).  Further, defendant

cannot claim prejudice because it was copied on the letter in question and the basis for plaintiff's

claims is set forth in her amended complaint.  Accordingly, I find that plaintiff's allegedly

belated submission of the right to sue letter does not warrant dismissal of her Title VII claims.

      **B.**     **PHRA Claim**

      Defendant also contends that plaintiff has failed to demonstrate that she exhausted her

administrative remedies with the PHRC because she "has failed to attach any documentation

from the PHRC to her initial Complaint or First Amended Complaint demonstrating a timely

exhaustion of her administrative remedies with that agency prior to filing her lawsuit."  Def.'s

Mem. at 8.  Plaintiff's amended complaint pleads that her EEOC complaint was "duel-filed [sic]

with the Pennsylvania Human Relations Commission and the Defendant received a copy."  Am.

Compl. ¶ 19.  Her amended complaint does not allege the date when she filed her complaint with

the PHRC.  Plaintiff's PHRC charge of discrimination, however, is attached to her response to

defendant's motion to dismiss and bears a date of December 3, 2008.  Dkt. No. 11-3.

      I note first that plaintiff was not required to attach her PHRC charge to her amended

complaint.  See Wardlaw, 2011 WL 1044936, at *3.  Further, "Pennsylvania law grants the

PHRC exclusive jurisdiction over the PHRA claims for a period of one year . . . and after the

expiration of one year, a complainant may bring suit regardless of whether or not he has received

a letter from the PHRC."  Id.  Plaintiff's belated submission of the date of her PHRC charge of

discrimination establishes that she waited more than one year before filing the current action, and

has thus exhausted her administrative remedies with respect to her claims under the PHRA.

      In view of the "sound and established policy that procedural technicalities should not be

used to prevent Title VII claims from being decided on their merits," Gooding v.

Warner–Lambert Co., 744 F.2d 354, 358-59 (3d Cir. 1984), I decline to dismiss plaintiff's PRHA

claim on the basis of a curable technical defect.[2]

## II.   Statute of Limitations

Defendant contends that plaintiff's claims under Section 1981 are time-barred under a two year statute of limitations and must be dismissed.  I disagree.

The statute of limitations for plaintiff's Section 1981 claims is four years, not two.  See Jones v. R.R. Donnelly & Sons Co., 541 U.S. 369, 382 (2004).  Discrimination claims concerning wrongful termination or conduct occurring after the formation of an employment contract are made possible by the 1991 amendments to Section 1981.  Sung Tran v. Delavau, LLC, No. 07-3550, 2008 WL 2051992, at *12-13 (E.D. Pa. May 13, 2008).  In Jones, 541 U.S. at 382 (2004), the Supreme Court held "that a cause of action 'arises under an Act of Congress enacted' after December 1, 1990 – and therefore is governed by [28 U.S.C. § 1958's] 4-year statute of limitations – if the plaintiff's claim against the defendant was made possible by a post-1990 enactment."

The four year limitations period for plaintiff's Section 1981 claim commenced on the date of her termination.  Plaintiff alleges that she was terminated from her position on June 9, 2008[3] and she filed her complaint on June 6, 2012.  Taking the allegations in her complaint as true, her

---

[2]        Nonetheless, plaintiff's counsel is urged to exercise care in drafting in order to avoid such technical defects in future pleadings.

[3]        Plaintiff's amended complaint is not a model of clarity with respect to the date of her termination.  She alleges that she was "terminated from her employment on or about June of 2008 [sic]."  Am. Compl. ¶ 9.  Plaintiff also alleges that she was advised that "she was terminated for hanging up on a caller on June 9, 2009 [sic]."  Id. ¶ 17.  From the latter allegation, it is unclear whether plaintiff allegedly hung up on a caller on June 9 or whether June 9 was the date when she was advised that she was terminated.  This allegation also raises a question as to whether the plaintiff was terminated in 2008 or 2009.  I will assume, for purposes of the motion to dismiss, that plaintiff was terminated on June 9, 2008.

claims under Section 1981 were timely filed within the four year statute of limitations.[4]

## III.     Prima Facie Case

Plaintiff's amended complaint alleges sufficient facts to state plausible claims of race discrimination against defendant under Title VII, Section 1981 and the PHRA.  To establish a prima facie case of discrimination under these statutes, plaintiff must show (1) that she belongs to a protected class; (2) that she suffered an adverse employment action; (3) that she was qualified for her position; and (4) that the adverse action occurred under circumstances that give rise to an inference of discrimination.  See Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410-11 (3d Cir. 1999); see also Brown v. J. Kaz, Inc., 581 F.3d 175, 181–82 (3d Cir. 2009) ("the substantive elements of a [discrimination] claim under section 1981 are generally identical to the elements of an employment discrimination claim under Title VII"); Slagle v. Cnty. of Clarion, 435 F.3d 262, 265 n.5 (3d Cir. 2006) ("the PHRA is to be interpreted as identical to federal anti-discrimination laws except where there is something specifically different in its language requiring that it be treated differently").

Plaintiff alleges that she is an African-American.  Am. Compl. ¶ 1.  She also alleges that she was terminated.  Am. Compl. ¶ 9.  The facts pled in her amended complaint also allow the Court to "draw the reasonable inference," Iqbal, 556 U.S. at 678–79, that plaintiff was qualified for her position, as she was employed by defendant for approximately three years and nine months prior to her termination.  Am. Compl. ¶¶ 7, 10.  Finally, plaintiff contends that she was treated differently from similarly situated Caucasian employees in that she: (1) was penalized for

---

[4]     Of course, if at a later date it is revealed through discovery that plaintiff was terminated on a date prior to June 9, 2008, and her action was thus filed more than four years thereafter, defendant may renew its motion to dismiss her Section 1981 claim.

arriving to work late while her similarly situated coworkers who were Caucasian were not and (2) was terminated for hanging up on a caller while "Caucasian employees accused of the same misconduct were reprimanded but not terminated." Id. ¶¶ 15-17.  Although her "complaint is not as rich with detail as some might prefer, it need only set forth sufficient facts to support plausible claims." Fowler v. UPMC Shadyside, 578 F.3d 203, 211-12 (3d Cir. 2009).  Taking plaintiff's factual allegations as true, her amended complaint sets forth a plausible claim for relief and I will deny defendant's motion to dismiss on this ground.

**IV.      Right to Trial By Jury**

Citing Wertz v. Chapman Township, 741 A.2d 1272 (Pa. 1999), defendant contends that plaintiff is not entitled to a jury trial on her PHRA claims.  I disagree.  In Marra v. Philadelphia Housing Authority, 497 F.3d 286, 312-13 (3d Cir. 2007), the Court of Appeals affirmed the District Court's conclusion that "it was not bound by Wertz because the right to a jury trial in federal court is a matter of federal law."  Although the Marra Court did not decide the issue of whether federal law afforded the right to a jury trial on a PHRA retaliation claim, it cited "scores of district courts in this Circuit [that] have concluded that the Seventh Amendment confers a right to a jury trial on PHRA claims brought in federal court, at least where compensatory relief is sought." Id. at 314 n.26 (collecting cases).  I concur with those decisions in finding that the Seventh Amendment's guarantee of the right to a trial by jury for legal claims in actions analogous to suits at common law affords plaintiff a right to a jury trial for her compensatory damages claims under the PHRA.  See, e.g. Heater v. Kispeace, No. 05-4545, 2005 WL 2456008, at *5-6 (E.D. Pa. Oct. 5, 2005).

**III.    Punitive Damages**

Plaintiff demands an award of punitive damages for all of her race discrimination claims. Defendant moves to strike plaintiff's claim for punitive damages pursuant to the PHRA.  The Pennsylvania Supreme Court has held that punitive damages are not available under the PHRA because they are inconsistent with the state statute's remedial purpose.  Hoy v. Angelone, 720 A.2d 745, 749 (Pa. 1998).  Applying this binding interpretation of state law,[5] I will strike plaintiff's claim for punitive damages to the extent that she seeks such damages pursuant to the PHRA.

An appropriate Order follows.

---

[5]    Plaintiff contends that the Pennsylvania Supreme Court's decision in Hoy "ha[s] only persuasive value in this Court."  Dkt. No. 11-1 at ECF p. 7.  To the contrary, "[t]he construction given to a state statute by the state courts is binding upon federal courts."  Albertson v. Millard, 345 U.S. 242, 244 (1953); see also Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state.").